NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KEVIN BRADLEY GUMBS,** | Civil Action No. 10-1520 (MLC) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION & ORDER |
| JOHN O'CONNOR, et al., | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff Kevin Bradley Gumbs' ("Plaintiff") motion seeking leave to file a Second Amended Complaint [Docket Entry No. 49] in order to identify previously named John Doe defendants based upon information he received in the course of discovery and to assert claims against Defendants in their individual capacities. Defendant opposes Plaintiff's motion. The Court has fully reviewed the papers submitted in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth below, Plaintiff's motion is GRANTED in part and DENIED in part without prejudice.

**I.      Background and Procedural History**

This case involves a Fourth Amendment unreasonable search and seizure claim against Detective John O'Connor arising out of a May 2, 2008 search of Plaintiff's home conducted by members of the Keansburg Police Department. Plaintiff's original Complaint included various other claims and "John Doe" defendants; however, the District Court dismissed all other claims and defendants per Its April 4, 2011 Order [Docket Entry No. 20]. Shortly thereafter, and

without seeking leave of the Court, Plaintiff filed an Amended Complaint which essentially re-stated the claims that the District Court had previously dismissed [Docket Entry No. 24]. Per an Order dated May 10, 2011, the District Court dismissed Plaintiff's Amended Complaint without prejudice and informed Plaintiff that an appropriate motion should be filed in the event he wishes to further amend his Complaint [Docket Entry No. 27]. Plaintiff has now filed such a motion.

Plaintiff has not filed a brief in connection with his Motion for Leave to File a Second Amended Complaint. However, in light of the fact that Plaintiff is proceeding *pro se*, the Court shall determine the rationale behind his application from Plaintiff's Cover Letter to his Proposed Amended Complaint [Docket Entry No. 49], his Reply Brief to Defendant's Opposition [Docket Entry No. 54] and the Proposed Amended Complaint itself [Docket Entry No. 49-1].

In his Proposed Amended Complaint, Plaintiff seeks to identify certain "John Doe" defendants whose identities were revealed through the course of discovery. Specifically, Plaintiff wishes to name Patrolman James Lopez, Special Officer G. Rivera, Lieutenant Kevin White and Chief Officer James Pigott. Plaintiff wishes to assert causes of action against these defendants in their individual capacities for violations of his Fourth and Fourteenth Amendment Rights. *See Plaintiff's Proposed Amended Complaint* at *11.

Defendant opposes Plaintiff's motion. Defendant states that Plaintiff has had sufficient time to seek permission to make his proposed amendments since filing his original Complaint in March, 2010, but that Plaintiff has chosen not to do so. Defendant argues that Plaintiff's current motion should be dismissed on this ground alone.

Defendant also points out that a Motion for Summary Judgement is pending. As a result, relying on *Phillips v. Borough of Keyport*, 179 .R.D. 140, 144 (D.N.J. 1998), Defendant asserts

that Plaintiff's motion should be held to a heighten standard and that under this standard, Plaintiff's motion should be denied.

Defendant further argues that Plaintiff has never before sought to name John O'Connor or the other "John Doe" defendants individually. *Defendant's Opposition* at *3. Defendant does not believe that Plaintiff should be permitted to do so now.

Finally, Defendant argues that Plaintiff has caused undue delay in waiting so long to file this application and that Plaintiff's proposed amendments are futile. Defendant believes that Plaintiff also seeks to introduce a state law claim for malicious prosecution and opposes this on the grounds that Plaintiff has failed to file an appropriate Notice of Tort Claim.

## II.    Discussion

### A.    The Court's Interpretation of Plaintiff's Proposed Amended Complaint

As mentioned above, Plaintiff failed to file a brief in support of his Motion to Amend and the Court has interpreted the rationale behind this application from Plaintiff's cover letter, from the Proposed Amended Complaint itself, and from Plaintiff's response to Defendant's Opposition. However, the Court's task of interpretation is complicated by the fact that Plaintiff's Proposed Amended Complaint contradicts statements made in his Reply submission. Plaintiff's Proposed Amended Complaint specifically seeks to assert claims against the defendants in their *individual* capacities. *Proposed Amended Complaint*, Docket Entry No. 49-1 at*4-5. However, Plaintiff later states that he believes that Defendants violated his rights "in their capacity as police officers." *Plaintiff's Reply*, Docket Entry No. 54 at *3.

Courts must construe submissions by *pro se* plaintiffs broadly. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Here, Plaintiff

clearly seeks to assert causes of action against the proposed defendants in their individual capacities as evidenced by the wording of his Proposed Amended Complaint. However, the statements in Plaintiff's Reply submission indicate that he also believes the defendants violated his rights while acting in their official capacity. As such, the Court concludes that Plaintiff seeks to assert causes of action against these Defendants in *both* their official and individual capacities.

In reaching this conclusion, the Court is left with the dilemma of having a Second Amended Complaint on the docket which does not accurately reflect all of the claims against Defendants. To remedy this situation, Plaintiff is directed to file a revised Second Amended Complaint which complies with the terms of this Order. Plaintiff is reminded that outside of the amendments permitted by this Order, he can make **no other changes** to his Second Amended Complaint. If unapproved amendments are included in Plaintiff's Second Amended Complaint, then they will be summarily stricken by the Court once same are brought to the Court's attention.

> **B.** **Analysis of Plaintiff's Proposed Amendments**
>
> **1.** **Standard of Review**

Pursuant to FED.R.CIV.P. 15(a)(2), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In this case, Defendant cites only undue delay and futility in opposition to Plaintiff's motion. *Defendant's Letter Brief in Opposition*, Docket Entry No. 53 at *5. The Court will address each argument in turn.

### 2. Undue Delay

Defendant points out that this case has been pending for nearly two years and that Plaintiff has just now sought to amend his Complaint. Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984). Moreover, unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay. *See Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).

In this case, Defendant specifically declines to make any prejudice argument. Thus, the question of undue delay becomes whether amendment of the Complaint will place an unwarranted burden on the Court. *Adams*, 739 F. 2d at 868. In making this assessment, the focus should be on Plaintiff's motives for not amending the Complaint earlier. *Id*. Plaintiff has indicated that this application to amend was prompted by information revealed in September, 2011 through discovery. In addition, the Court notes that although the Complaint was originally filed in March, 2010, the case was not fully processed and re-opened until September 2010. Further, no date was set as to the filing deadline of a motion to amend or to join parties. Per the most recent Scheduling Order [Docket Entry No. 38], dispositive motions were to be filed by

November 23, 2011. On November 16, 2011, Plaintiff filed the present motion. In light of the above, the Court finds that Plaintiff's delay in filing this motion does not justify its denial.

### 3. Futility

A motion to amend is also properly denied where the proposed amendment is futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). In this case, the futility analysis is further complicated by the fact that a Motion for Summary Judgement is pending. Defendant filed the Summary Judgement Motion on October 6, 2011. Plaintiff's Motion to Amend was filed on November 16, 2011. The Third Circuit addressed such a situation in its discussion in *Phillips*:

> Thus, generally, the applicable standard to determine futility is whether the amendment is "sufficiently well-grounded in fact or law to demonstrate that it is not a frivolous pursuit." *Harrison Beverage*, 133 F.R.D. at 469. However, there are situations in which attempts to amend a pleading are more likely to be sought for their tactical advantage. In order to minimize the burden imposed upon the non-moving party in situations where amendments are likely to be sought for tactical reasons, courts have noted that where plaintiff files a motion to amend after defendant has moved for summary judgment the motion to amend will not be granted unless the party seeking amendment can show not only that the proposed amendment has "substantial merit", *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir.1979), but also come forward with "substantial and convincing evidence" supporting the newly asserted claim. (citations omitted.) *Carey v. Beans*, 500 F.Supp. 580, 582 (E.D.Pa.1980), aff'd, 659 F.2d 1065 (3d Cir.1981). Application of this heightened standard has been found to be justified. A plaintiff who proposes to amend his complaint after the defendant has moved for summary judgment may be maneuvering desperately to stave off the immediate dismissal of the case. With this a possibility, district judges are not content with an allegation sufficient in law; they want to see some evidence to back it up. *Cowen v. Bank United of Texas*, FSB, 70 F.3d 937, 943 (7th Cir.1995).

179 F.R.D. 140 at 144-145.   In light of this heightened standard, the Court finds that, while certain of Plaintiff's proposed amendments are appropriate, others must be denied as futile. The Court addresses each in turn below.

### a. Futile Amendments

First, Plaintiff's statement of facts, which serves as the basis for his claims, involves only the circumstances surrounding the May 2, 2008 search of his home. As such, any claims brought in his Complaint must arise from the facts surrounding the search. Therefore, to the extent that Plaintiff intended claims in his Proposed Amended Complaint to relate to false arrest, false imprisonment, due process violations or malicious prosecution, those claims must be dismissed as legally insufficient.

The District Court has already addressed the futility of claims relating to Plaintiff's arrest and detention in Its April 4, 2011 Opinion. The District Court concluded that Plaintiff had failed to state a claim for false arrest or false imprisonment although the initial Complaint included a description of the circumstances of Plaintiff's arrest. Here, Plaintiff has not plead any facts relating to his arrest or detention. As such, Plaintiff's revived claims of false imprisonment, false arrest or other due process violations fail as futile even under the most liberal interpretation.

Further, as Defendant points out, Plaintiff has failed to file a Notice of Tort Claim for his entirely new allegation of malicious prosecution. Thus, to the extent that Plaintiff meant to assert a state law claim for malicious prosecution, this claim would fail as futile even if a proper factual basis for such a claim had been established, which it has not.

Second, Plaintiff's claims against proposed Defendants Lieutenant Kevin White and Chief Officer James Pigott, must also fail as futile. Plaintiff has not alleged that either

Lieutenant White or Chief Officer Pigott was present at the May 2, 2008 search. Therefore, no facts have been alleged which would implicate either Lieutenant White or Chief Officer Pigott as defendants in this case.

Although Plaintiff has identified Lieutenant White as having "supervised" the other defendants, it is well established that local government units and supervisors are not liable under § 1983 solely on a theory of *respondeat superior*. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 n.8 (1985); *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); *Natale v.Camden Cnty. Corr. Fac.*, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). *Accord Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-96 (3d Cir. 1997); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995). Plaintiff argues that Lieutenant White "knew of the violations that were committed and did nothing to prevent" them; but Plaintiff does not describe the alleged violations to which he refers, when Lieutenant White allegedly knew about them or the alleged extent of Lieutenant White's knowledge. *Proposed Amended Complaint* at *5. As such, Plaintiff has failed to assert a cause of action against Lieutenant White.

Similarly, Plaintiff has pled no facts which implicate Chief Officer Pigott. It seems as though Plaintiff is again trying to revive the defamation of character claim included in his original Complaint by naming Officer Pigott in his Proposed Amended Complaint. The District Court has already addressed this issue in Its April 4, 2011 Opinion [Docket Entry No. 20] and declines to do so again.

For the reasons set forth above and for the reasons described in the District Court's April 4, 2011 Opinion, Plaintiff's proposed claims against proposed Defendants White and Pigott are denied as futile.

### b.   Appropriate Amendments

With respect to Plaintiff's proposed claims against Patrolman Lopez and Special Officer G. Rivera, the Court finds that Plaintiff may properly assert claims against both relating to the May 2, 2008 search. Patrolman Lopez and Special Officer Rivera were present at the May 2, 2008 search of Plaintiff's home and, thus, are essentially in the same position as current Defendant John O'Connor. The District Court, via Its April 4, 2011 Opinion, already determined that Plaintiff's allegations that the officers who conducted the May 2, 2008 search exceeded the scope of the consent they received to search Plaintiff's home were sufficient to avoid dismissal. Thus, this Court finds that Plaintiff's proposed amendment to add claims relating to this search against Patrolman Lopez and Special Officer Rivera have "substantial merit."

As a result, the Court next turns to whether Plaintiff should be permitted to assert claims related to the May 2, 2008 search against Patrolman Lopez and Special Officer Rivera in both their individual as well as official capacities or only in their official capacities. To answer this

question, the Court examines the manner in which Plaintiff sued the existing Defendant, John O'Connor.

In determining whether a plaintiff has sued a defendant individually or officially, "the Third Circuit has adopted a 'more flexible approach [compared to other jurisdictions],' instructing courts to carefully examine the nature of the relief sought in the complaint and the parties' conduct throughout the 'course of the proceedings.'" *Combs v. Borough of Avalon*, Civil Action No. 05-5904, 2007 WL 401905 (D.N.J. Feb. 1, 2007) (citing *Melo v. Hafer*, 912 F.2d 628, 636 (3d Cir.1990). Although Defendant argues in his Opposition that "at no point prior to this proposed amendment has plaintiff sought to name John O'Connor or the 'John Does of the Keansburg Police Department' individually," his actions suggest that he believes otherwise. *Defendant's Opposition* at *3-4.

One of the arguments raised in Defendant's Motion for Summary Judgment [Docket Entry No. 41], is that Defendant John O'Connor is entitled to qualified immunity. It is well established that the defense of qualified immunity may only be asserted by officials sued in their **individual** capacities. *See Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398 (1980) (emphasis added). Thus, in applying a "course of pleadings" test to the situation at hand, and in relying on applicable case law, it appears to the Court that Defendant understood that Plaintiff had sued him, at least, in his individual capacity. *See Garden State Electrical Inspection Services Inc. v. Levin*, 144 Fed. Appx. 247, 251-52 (3d Cir.2005) (citations omitted) (discussing Melo) (finding that an official's assertion of the qualified immunity defense was indicative that defendant "understood that plaintiffs sought to sue her in her personal capacity."). Given the fact that Plaintiff asserted causes of action against the original Defendant, John O'Connor, in both his

official and individual capacities, the Court finds that Plaintiff may also do so against Patrolman Lopez and Special Officer Rivera.

The Court notes that Its ruling on the instant Motion to Amend is not intended to have any effect on the pending Motion for Summary Judgment.  The newly added defendants, Patrolman Lopez and Special Officer Rivera, are in essentially the same procedural posture as the existing Defendant, John O'Connor; in fact, there do not appear to be any significant differences among these Defendants.  The arguments raised by Defendant John O'Connor in his pending Motion for Summary Judgment appear to apply equally to Patrolman Lopez and Special Officer Rivera; and the latter are welcomed to join in same.  Indeed, a ruling favorable to Defendant John O'Connor on his pending Motion for Summary Judgment could have the effect of terminating the case as to all parties.  As a result, the Court shall not require any Defendant to respond to Plaintiff's Second Amended Complaint until after the pending Motion for Summary Judgment is decided.  In the event that the Motion for Summary Judgment is unsuccessful, Defendants are instructed to file an Answer, or to otherwise respond, to Plaintiff's Second Amended Complaint no later than 30 days after the District Court's Opinion issues.

### III.    Conclusion

For the reasons stated above, Plaintiff's Motion to Amend is GRANTED in part and DENIED in part.  Plaintiff is permitted to amend his Complaint to add Patrolman Lopez and Special Officer Rivera as named Defendants and to assert a cause of action for an unreasonable search in violation of his Fourth Amendment Rights against all Defendants in their official and individual capacities.

For the reasons set forth above, and with good cause shown;

It is on this 12th day of January, 2012;

ORDERED that Plaintiff's Motion for Leave to file a Second Amended Complaint is GRANTED in part and DENIED in part; and it is further

ORDERED that Plaintiff's Fourth Amendment Unlawful Search claim may proceed as to Defendants Detective John O'Connor, Patrolman James Lopez and Special Officer G. Rivera in their official and individual capacities; and it is further

ORDERED that Plaintiff shall file a Second Amended Complaint which complies with the terms of this Order no later than **February 27, 2012**; and it is further

ORDERED that, if necessary, Defendants shall respond to Plaintiff's Second Amended Complaint within 30 days of the date of the District Court's ruling on the pending Motion for Summary Judgment; and it is further

ORDERED that the Clerk of the Court shall terminate the aforementioned motion [Docket Entry No. 49] accordingly.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE**