NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN BRADLEY GUMBS, : | |
| : | Civil Action No. 10-1520 (MLC) |
| Plaintiff, : | |
| : | |
| v. : | MEMORANDUM OPINION |
| : | |
| JOHN O'CONNOR, et al., : | |
| : | |
| Defendants. : | |
| : | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff Kevin Bradley Gumbs' ("Plaintiff") motion and application seeking leave to file a Third Amended Complaint [Docket Entry No. 80, 82][1] in order to assert new claims against existing Defendants. Defendants O'Connor, Lopez and Rivera have filed opposition to Plaintiff's motion [Docket Entry No. 83]. Plaintiff has not filed a reply brief. The Court has fully reviewed all submissions in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth below, Plaintiff's motion is DENIED without prejudice.

**I.    Background and Procedural History**

This case involves a Fourth Amendment unreasonable search and seizure claim against Detective John O'Connor, Patrolman Lopez and Special Officer Rivera arising out of a May 2,

---

[1] The Court notes that Plaintiff has recently filed another Letter Application [Docket Entry No. 88] seeking leave to add another defendant, Keansburg Municipality, to this case. Defendants have filed a response to this request [Docket Entry No. 90]. The Court agrees with Defendants' analysis and finds that such a request needs to be filed by formal motion, that such an application is untimely given the approacing close of discovery, and that there are no new facts justifying Plaintiff's delay in seeking to add Keansburg Municipality as a defendant. For the foregoing reasons as well as the reasons set forth in this Opinion, Plaintiff's Letter Application is DENIED.

1

2008 search of Plaintiff's home conducted by members of the Keansburg Police Department. Plaintiff's original Complaint included various other claims and "John Doe" defendants; however, the District Court dismissed all other claims and defendants per Its April 4, 2011 Order [Docket Entry No. 20]. Shortly thereafter, and without seeking leave of the Court, Plaintiff filed an Amended Complaint which essentially re-stated the claims that the District Court had previously dismissed [Docket Entry No. 24]. Per an Order dated May 10, 2011, the District Court dismissed Plaintiff's Amended Complaint without prejudice and informed Plaintiff that an appropriate motion should be filed in the event he wishes to further amend his Complaint [Docket Entry No. 27]. Plaintiff filed such a motion on November 16, 2011 [Docket entry No. 49] which was granted in part and denied in part by this Court in a Memorandum Opinion and Order dated January 2, 2012 [Docket Entry No. 59]. In that Opinion, this Court granted Plaintiff's amendment insofar as it added Patrolman Lopez and Special Officer Rivera as Defendants alongside Defendant O'Connor and permitted Plaintiff to assert a cause of action for an unreasonable search in violation of his Fourth Amendment Rights against all Defendants in their official and individual capacities. It, however, denied Plaintiff's request to assert any cause of action against Lieutenant White or Chief Officer Pigott, as there were no adequately pled facts to support such claims.

On January 20, 2012, Plaintiff filed his Second Amended Complaint which improperly included Lieutenant White and Chief Officer Pigott, and additionally failed to omit claims of malicious prosecution, false arrest and false imprisonment.

Plaintiff now seeks leave to file a Third Amended Complaint, asserting claims against Lieutenant White and additionally asserting claims of false arrest and false imprisonment against the current Defendants. Plaintiff has not filed a Proposed Third Amended Complaint in

2

connection with his Motion as required by L. CIV. R. 7.1(f).   However, subsequent to filing the motion, Plaintiff filed an additional application to amend his complaint, including both a letter brief and a proposed amended complaint [Docket Entry No. 82].   In light of the fact that Plaintiff is proceeding *pro se*, the Court shall construe both docket entries together as one motion to amend, satisfying the requirements of L. CIV. R. 7.1(f).

Plaintiff's proposed amendments to his complaint are threefold.   In his letter brief, Plaintiff acknowledges that he is "attempting to reinstate previously made claims which were previously rejected by the Court." *Plaintiff's Brief in Support,* Docket Entry No. 82-3, at *1. Plaintiff's justification for this is that the claims are now based upon "newly discovered information found through the discovery process." *Id.*   Plaintiff offers two facts constituting this new discovery.   First, he claims that the statement which constituted grounds for probable cause for his arrest has not been provided by Defendants.   The statement that allegedly implicated Plaintiff was made by one John Tufaro ("Tufaro") and was later recanted by Tufaro, resulting in the charges being dropped against Plaintiff.   Second, Plaintiff argues that the complaint-warrants issued to arrest him had two dates of issuance.   Plaintiff then makes the conclusory statement that the above "clearly establish enough grounds for a claim of false arrest and false imprisonment." *Id.*

Plaintiff's second amendment attempts to reinstate claims against Lieutenant White. Plaintiff claims that White was the named supervising officer on May 2, 2008 when his home was searched. Plaintiff relies on the above facts to establish that Lieutenant White acted with "deliberate indifference" in failing to supervise his subordinates, thereby contributing to Plaintiff's sustained constitutional violations.

Lastly, Plaintiff states that he wishes to amend his complaint to reflect his wish to have a non-jury trial, as opposed to a jury trial.

Defendants oppose Plaintiff's motion. Defendants argue that probable cause existed for Plaintiff's arrest despite the fact that Tufaro's statement was later recanted and the criminal charges against Plaintiff dropped. *Defendant's Letter Brief in Opposition,* Docket Entry No. 83, at *8. Defendants argue that the analysis takes place at the time of the arrest and does not require guilt. Defendants cite to *Green v. City of Paterson,* 971 F.Supp. 891, 907 (D.N.J. 1997), holding that "[a]n identification by a witness or victim is sufficient to make out probable cause for an arrest." *Id.* at *11. Defendants additionally argue that Tufaro's statement and positive identification was not the only item constituting probable cause; the observations of the officers as well as the prior narcotic activity at the residence also contributed to Plaintiff's arrest.

Defendants make the alternative argument that even if the Court finds probable cause to be lacking, that the Defendants would be entitled to qualified immunity based upon their reasonable belief that the arrest was legitimate.

Finally, Defendants further argue that Plaintiff's request to amend at this time is prejudicial and that any amendments are futile. Defendants argue that Plaintiff has had since April 4, 2011 to set forth a proper cause of action and has failed to do so. Such delay would "result in additional discovery, cost, and preparation to defendant against new facts and/or new theories." *Id.* at *16.

## II. Analysis

### A. Standard of Review

Pursuant to FED.R.CIV.P. 15(a)(2), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

4

amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In this case, Defendant cites futility and prejudice in opposition to Plaintiff's motion. *Defendant's Letter Brief in Opposition*, Docket Entry No. 83 at *15-16. The Court will address each argument in turn.

### B. Plaintiff's Proposed Amendments

#### 1. Futility

A motion to amend is properly denied where the proposed amendment is futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). The following language is taken directly from this Court's prior Order:

> First, Plaintiff's statement of facts, which serves as the basis for his claims, involves only the circumstances surrounding the May 2, 2008 search of his home. As such, any claims brought in his Complaint must arise from the facts surrounding the search. Therefore, to the extent that Plaintiff intended claims in his Proposed Amended Complaint to relate to false arrest, false imprisonment, due process violations or malicious prosecution, those claims must be dismissed as legally insufficient.
> The District Court has already addressed the futility of claims relating to Plaintiff's arrest and detention in Its April 4, 2011 Opinion. The District Court concluded that Plaintiff had failed to state a claim for false arrest or false imprisonment although the initial Complaint included a description of the circumstances of Plaintiff's arrest. Here, Plaintiff has not pled any facts relating to his arrest or detention. As such, Plaintiff's revived claims of false imprisonment, false arrest or other due process violations fail as futile even under the most liberal interpretation.

*Memorandum Opinion and Order,* Docket Entry No. 59, at *7.

The same analysis applies here. Plaintiff has pled facts arising only out of the May 2, 2008 search of his home. It seems to the Court that Plaintiff is yet again attempting to reassert claims which have thrice been dismissed by the Court. [Docket Entry Nos. 20, 27, 59]. Plaintiff's claims of false arrest and false imprisonment as against Defendants O'Connor, Lopez and Rivera remain futile.

Second, Plaintiff's claims against proposed Defendant Lieutenant Kevin White must also fail as futile. Plaintiff has not alleged that Lieutenant White was present at the May 2, 2008 search but merely that he was the named supervisor of the Defendants at the time the search was conducted. Therefore, no facts have been alleged which would implicate Lieutenant White as a defendant in this case. Once again, the Court quotes Its prior Order:

> Although Plaintiff has identified Lieutenant White as having "supervised" the other defendants, it is well established that local government units and supervisors are not liable under § 1983 solely on a theory of *respondeat superior. See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 n.8 (1985); *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); *Natale v.Camden Cnty*. Corr. Fac., 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). *Accord Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-96 (3d Cir. 1997); *Baker v. Monroe Twp*., 50 F.3d 1186, 1190-91 (3d Cir. 1995). Plaintiff argues that Lieutenant White "knew of the violations that were committed and did nothing to prevent" them; but Plaintiff does not describe the alleged violations to which he refers, when Lieutenant White allegedly knew about them or the alleged extent of Lieutenant White's knowledge. *Proposed Amended Complaint* at *5. As such, Plaintiff has failed to assert a cause of action against Lieutenant White.

*Memorandum Opinion and Order,* Docket Entry No. 59, at *7.

Similarly, Plaintiff now argues that White "acted with 'deliberate' indifference towards the Plaintiff on May 2, 2008 by failing to supervise his subordinates knowing there was a risk of constitutional harm and failed to prevent or remedy the harm." *Plaintiff's Proposed Amended Complaint,* Docket Entry No. 82-2, at *1.   For the reasons set forth in this Court's January 2, 2012 Opinion, Plaintiff's allegations are insufficient and his proposed claims against Lieutenant White are denied as futile.

Therefore, Plaintiff's only remaining amendment is the request to change his demand from jury trial to non-jury trial. FED.R.CIV.P. 38 governs jury demands.   Rule 38(d) provides that a proper demand for a jury trial may be withdrawn only if the parties consent.   Defendants have not addressed Plaintiff's request in their opposition, but Defendants' Amended Answer [Docket Entry No. 68] indicates that a jury trial has indeed been demanded. *Id.* at *6.   Therefore, the Court does not find consent and the demand for trial by jury stands.

### 2. Prejudice

As the Court has already denied all the proposed amendments as futile, the Court declines to offer analysis on whether the proposed amended complaint prejudices Defendants.

### III. Conclusion

For the reasons stated above, Plaintiff's Motion to Amend is DENIED without prejudice. An appropriate Order follows.

Dated: January 31, 2013

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**