UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN BRADLEY GUMBS,<br><br>    Plaintiffs,<br><br>    v.<br><br>DETECTIVE JOHN O'CONNOR, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 10-1520 (MLC)<br><br>**MEMORANDUM OPINION** |

**COOPER**, District Judge

**I.**

The pro se plaintiff, Kevin Bradley Gumbs, brings the action against the defendants, Detective John O'Connor, Detective James Lopez, and Officer G. Rivera, pursuant to 42 U.S.C. § 1983 ("Section 1983"). (See dkt. entry no. 61, 2d Am. Compl.) Gumbs asserts that the defendants violated his rights under the Fourth and Fourteenth Amendments by: (1) searching his dwelling; (2) searching a box safe located in that dwelling; and (3) seizing both the box safe and its contents. (See id. at 4-5.) See also Gumbs v. O'Connor, No. 10-1520, 2013 WL 2962004, at *1 (D.N.J. June 14, 2013) (construing Gumbs's claims).

The defendants earlier moved for summary judgment, arguing, inter alia, that: (1) Gumbs lacks standing to bring the action; and (2) Gumbs's co-tenants provided valid consent to the searches and

seizures at issue.  (See dkt. entry no. 103, Notice of Summ. J. Mot.; dkt. entry no. 103-1, Summ. J. Br. at 13-35.)  The Court denied the Summary Judgment Motion insofar as it concerned Gumbs's standing, stating, "there can be no question of [his] standing to challenge the lawfulness of the search.  He was the one against whom the search was directed, and the house searched was his home." Gumbs, 2013 WL 2962004, at *2 (quoting Bumper v. North Carolina, 391 U.S. 543, 548 n.11 (1968)).  (See dkt. entry no. 115, 6-14-13 Order at 1-2.)  The Court, after finding that the parties presented genuine disputes of material fact, also denied the Summary Judgment Motion without prejudice insofar as it concerned the validity of the consent provided by Gumbs's co-tenants.  See Gumbs, 2013 WL 2962004, at *2-3.  (See 6-14-13 Order at 1-2.)[1]

The defendants now move for reconsideration of the Opinion and Order that resolved the Summary Judgment Motion.  (See dkt. entry no. 120, Notice of Recons. Mot.)  They argue, inter alia, that the Court erred both by concluding that Gumbs has standing to bring the action and by finding disputed issues of material fact.  (See dkt. entry no. 120-1, Recons. Br. at 9-16.)

---

[1] The Court found that the parties had "shown the existence of at least two genuine issues of material fact, i.e.: (1) whether the police had a warrant for Gumbs's arrest on May 2, 2008, when they arrived at his home; and (2) the extent to which Gumbs's co-tenants relied on the defendants' representations about their possession of a warrant for Gumbs's arrest when consenting to the defendants' search of his home." Gumbs, 2013 WL 2962004, at *3.

2

The Court has considered the Reconsideration Motion without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons that follow, the Reconsideration Motion will be denied.

**II.**

It is "well settled that a motion for reconsideration . . . is 'an extremely limited procedural vehicle.'" Tehan v. Disab. Mgmt. Servs., Inc., 111 F.Supp.2d 542, 549 (D.N.J. 2000) (citation omitted). District courts, which enjoy discretion to grant or deny motions for reconsideration, grant such motions very sparingly. See Caver v. City of Trenton, 420 F.3d 243, 258 (3d Cir. 2005); Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004). A movant seeking reconsideration must show: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See, e.g., Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A movant seeking reconsideration may not "relitigate old matters" or "raise argument or present evidence that could have been raised prior to the entry of judgment." Boretsky v. Governor of N.J., 433 Fed.Appx. 73, 78 (3d Cir. 2011) (quoting Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009)); Dunkley v. Mellon Investor Servs., 378 Fed.Appx. 169, 172 (3d Cir. 2010).

3

"This prohibition includes new arguments that were previously available, but not pressed." Wilchombe, 555 F.3d at 957 (citation omitted) (internal quotation marks omitted); see also Summerfield v. Equifax Info. Servs. LLC, 264 F.R.D. 133, 145 (D.N.J. 2009) ("A motion for reconsideration will [] fail if the moving party raises argument[s] . . . that could have been raised . . . before the original decision was reached.")

Reconsideration is not warranted where the movant merely recapitulates the cases and arguments previously analyzed by the court. Arista Recs., Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 416 (D.N.J. 2005); see also Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered . . . ."). Similarly, reconsideration is not warranted where the apparent purpose of the motion is for the movant to express disagreement with the court's initial decision. Tehan, 111 F.Supp.2d at 549.

### III.

The defendants, when supporting the Summary Judgment Motion, argued that Gumbs lacked standing to bring the action because he was not present when the searches and seizures at issue were executed. (See Summ. J. Br. at 14-17.) The defendants repeatedly

cited and drew comparisons to Eiland v. Jackson, 34 Fed.Appx. 40 (3d Cir. 2011). (See id.)

Eiland, like Gumbs, brought a suit against police officers pursuant to Section 1983 and the Fourth Amendment. See Eiland, 34 Fed.Appx. at 40. He argued that the defendants in that action violated his federal constitutional rights by failing to adhere to the knock-and-announce rule. See id. The district court found that he lacked standing to bring the action because he was not present during the search at issue. See id. at 41. The Third Circuit affirmed, explaining:

> We recognize that protecting one's interest in privacy is one of the rationales for the knock-and-announce requirement. Indeed, we have noted that the requirement "embodies respect for the individual's right of privacy, which is to be imposed upon as little as possible in making an entry to search or arrest." Yet even if we assume that the officers failed to knock and announce their identity, we do not see how that failure impinged upon Eiland's privacy interests given that he was not at the house at the time of the forced entry.

Id. at 42 (emphasis added) (citation omitted).

This Court, when resolving the Summary Judgment Motion, considered the defendants' argument that Gumbs lacked standing because he was not home when the defendants searched his home and seized his belongings. But the Court found that argument unpersuasive, and instead concluded that the holding in Eiland was

5

specific to the knock-and-announce rule, which was not and is not at issue here. See Gumbs, 2013 WL 2962004, at *2.[2]

The defendants now raise three arguments in support of the Reconsideration Motion that concern Gumbs's standing. They also argue that the Court erred when finding disputed issues of material fact. The Court will address each argument in turn.

**A.**

The defendants first argue that "this Court has failed to recognize that the Defendants here did not go as so far [sic] to enter the home forcibly as occurred in Eiland, and without permission." (Recons. Br. at 11.) Because the defendants have failed to explain how the lack of a forcible entry might affect Gumbs's standing to bring the action, and because the defendants have failed to support this argument by reference to relevant legal authority, the Court will not consider this argument. The Court is not obligated to craft the argument on the defendants' behalf. See

---

[2] The Third Circuit found the existence of a valid search warrant "critical" to the reasoning in Eiland. See 34 Fed.Appx. at 42. This Court, when resolving the Summary Judgment Motion here, accordingly: (1) noted that the defendants conceded the absence of a valid search warrant; (2) found that the parties disputed whether the defendants had a valid arrest warrant; and (3) found that the parties disputed whether, in the absence of a valid arrest warrant, the defendants had procured valid consent from Gumbs's co-tenants. See Gumbs, 2013 WL 2962004, at *2-3.

As explained in Section III.D of this Memorandum Opinion, supra, it remains disputed whether the defendants in this action either: (1) had a valid arrest warrant; or (2) procured valid consent from Gumbs's co-tenants.

6

Perkins v. City of Elizabeth, 412 Fed.Appx. 554, 555 (3d Cir. 2011) ("Courts cannot become advocates for a party by doing for that party what the party ought to have done for him or herself.") Moreover, insofar as the defendants failed to raise an argument concerning forcible entry to support the Summary Judgment Motion, it is inappropriate to raise such argument in support of the Reconsideration Motion. See Boretsky, 433 Fed.Appx. at 78; Wilchombe, 555 F.3d at 957; Summerfield, 264 F.R.D. at 145.[3]

**B.**

The defendants next argue that Gumbs lacked standing to pursue claims relating to the defendants' search of his home because "he can prove no injury in fact." (Recons. Br. at 11.) Because the defendants could have but did not raise this argument in support of the Summary Judgment Motion, it was improperly raised in support of the Reconsideration Motion. See Boretsky, 433 Fed.Appx. at 78; Wilchombe, 555 F.3d at 957; Summerfield, 264 F.R.D. at 145.

If the Court considered the merits of the defendants' second argument, then the Court would nonetheless conclude that the defendants have improperly conflated the standards for standing to assert privacy rights and standing to assert property rights. See

---

[3] Insofar as the defendants have intertwined this argument with the separate argument that they procured valid consent from Gumbs's co-tenants before searching the premises, the Court will resolve this argument in Section III.D of this Memorandum Opinion, supra.

7

Eiland, 34 Fed.Appx. at 41-43 (discussing "Standing to Assert Privacy Rights" and "Standing to Assert Property Rights" under separate subtitles, and announcing distinct standards for each). The claim at issue, which concerns the defendants' search of Gumbs's home, concerns Gumbs's privacy rights. Cf. id. at 41-42 (concluding that Eiland had standing to assert *privacy* rights, insofar as the claim at issue concerned the search of his home). But the standard cited by the defendants, which refers to injury in fact, concerns *property* rights. (See Recons. Br. at 11.) See Eiland, 34 Fed.Appx. at 42.

Application of the correct standard demonstrates that Gumbs has standing to bring claims concerning the defendants' search of his home. To have such standing, Gumbs must demonstrate that he had a "legitimate" or "reasonable" expectation of privacy in the place searched. Eiland, 34 Fed.Appx. at 41; Rakas v. Illinois, 439 U.S. 128, 143 (1978) ("[C]apacity to claim the protection of the Fourth Amendment depends not upon a property right in the invaded place but upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place."); Warner v. McCunney, 259 Fed.Appx. 476, 477 (3d Cir. 2008) ("To avail himself of the protection accorded by the Fourth Amendment, [the plaintiff in an action brought under Section 1983]

must show that he had a legitimate expectation of privacy in the area searched.").

The defendants have, in fact, conceded that Gumbs has such an expectation of privacy in the place searched. (See Summ. J. Br. at 16 (stating plainly that "plaintiff had a reasonable expectation of privacy at 191 Forest Avenue," i.e., the place searched).) Accordingly, the Court will not further address the issue.[4]

### C.

The defendants also argue that Gumbs lacks standing to challenge the search of his home because he was not present when that search was executed. This argument was raised in support of the Summary Judgment Motion, considered by the Court, and rejected. The defendants now raise it anew in support of the Reconsideration Motion. (See Summ. J. Br. at 16-17; Recons. Br. at 9-11.)

As noted above, reconsideration is not warranted where a movant is displeased with the Court's initial decision and merely restates old arguments. Arista Recs., 356 F.Supp.2d at 416; Tehan, 111 F.Supp.2d at 549. Because the Court considered and rejected this argument when resolving the Summary Judgment Motion, it appears that this argument was improperly raised in support of the

---

[4] It appears that Gumbs also has standing to pursue the claims relating to the search of the box safe and the seizure of both the box safe and its contents. The defendants have not argued that Gumbs lacked standing to pursue those claims either because he lacked a: (1) reasonable expectation of privacy in the safe; or (2) property interest in either the safe or its contents.

9

Reconsideration Motion.  Arista Recs., 356 F.Supp.2d at 416; Tehan, 111 F.Supp.2d at 549.

If the Court nonetheless reconsidered the Opinion and Order that resolved the Summary Judgment Motion, then the Court would again reject this argument.  The defendants again rely on Eiland when arguing that Gumbs lacks standing to assert claims relating to the search of his home because he was not present during the search.  Their argument is flawed for two reasons.  First, Eiland was limited in scope; it applies only to violations of the knock-and-announce rule.  See Eiland, 34 Fed.Appx. at 42; see also Brower-McLean v. City of Jersey City, No. 05-5150, 2008 WL 4534062, at *8 (D.N.J. Oct. 6, 2008) (rejecting defendants' argument, which was premised on Eiland, that plaintiff lacked standing to sue because he "was not at the home during the search").  Second, the defendants' argument runs afoul of well-settled standing jurisprudence under the Fourth Amendment.  See, e.g., Michigan v. Clifford, 464 U.S. 287, 295 (1984) ("[Plaintiffs'] Fourth Amendment claim is . . . for unlawful entry of their home, and this is a claim they may assert because they have a privacy interest in their home, whether or not they were present at the time of the entry."); Bumper, 391 U.S. at 548 n.11.

**D.**

The defendants' fourth and final argument concerns the Court's earlier finding that at least two genuine disputes of material fact exist in the action. (See Recons. Br. at 11-16.) The Court earlier described those disputes as concerning: "(1) whether the [defendants] had a warrant for Gumbs's arrest on May 2, 2008, when they arrived at his home; and (2) the extent to which Gumbs's co-tenants relied on the defendants' representations about their possession of a warrant for Gumbs's arrest when consenting to the defendants' search of his home." Gumbs, 2013 WL 2962004, at *3.

The defendants' fourth argument is unavailing. It remains disputed whether the defendants had a warrant for Gumbs's arrest on May 2, 2008. Only one of the several warrants offered in support of the Summary Judgment Motion, and highlighted in support of the Reconsideration Motion, indicates that it may have been issued on that date. (See dkt. entry no. 103-2, Ex. G to Farsiou Certification, Warrant with Sequence No. 000345 at 1.) The first page of that warrant, which the defendants resubmit in support of the Reconsideration Motion, indicates that it was issued on May 2, 2008. (See id.) However, the second page of that warrant indicates that it was not issued until May 6, 2008, several days after the search was concluded. (See Warrant with Sequence No. 000345 at 2.)

The Court must, upon both the Summary Judgment Motion and the Reconsideration Motion, view the evidence in the light most favorable to and draw all reasonable inferences in favor of Gumbs, the non-movant. Scott v. Harris, 550 U.S. 372, 380 (2007); Montone v. City of Jersey City, 709 F.3d 181, 189 (3d Cir. 2013). In light of the applicable standard, the action cannot be resolved through summary judgment proceedings.[5]

## IV.

For good cause appearing, the Reconsideration Motion will be denied. The Court will enter a separate Order.

s/ Mary L. Cooper<br>
**MARY L. COOPER**<br>
United States District Judge

Dated: July 11, 2013

---

[5] Because it remains unclear whether the defendants had a warrant for Gumbs's arrest on May 2, 2008, the Court cannot determine at this juncture whether his co-tenants voluntarily consented to the search of their shared home.

12