NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN GUMBS, | : | CIVIL ACTION NO. 10-1520 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| DETECTIVE JOHN O'CONNOR, et al., | : | |
| Defendants. | : | |

**THE COURT**, in an order and judgment dated May 8, 2015 ("May 2015 Order"): (1) granted a motion for summary judgment by certain defendants ("Moving Defendants"); (2) denied the plaintiff's cross motion for summary judgment; (3) entered judgment in favor of the Moving Defendants and against the plaintiff as to the federal claims asserted against the Moving Defendants; and (4) dismissed the remaining state law claims without prejudice, with leave to the plaintiff to reinstate those remaining state law claims in state court. (See dkt. 169, 5-8-15 Order & J.; see also dkt. 170, 5-8-15 Mem. Op.)  The plaintiff — who is pro se — now moves, in effect, for reconsideration of the May 2015 Order. (See dkt. 172, 5-18-2015 Pl. Letter; dkt. 173, 6-9-2015 Pl. Letter.)

**A MOTION FOR RECONSIDERATION** is an extremely limited procedural vehicle.  See Tehan v. Disab. Mgmt. Servs., 111 F.Supp.2d 542, 549 (D.N.J. 2000).  District courts, which enjoy discretion to consider motions for reconsideration, grant such motions sparingly.  See Caver v. City of Trenton, 420 F.3d 243, 258 (3d Cir. 2005); Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004).  A movant seeking

reconsideration must show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

**A MOVANT** seeking reconsideration may not relitigate old matters, and may not raise arguments or present evidence that could have been raised before the entry of judgment.  See Boretsky v. Governor of N.J., 433 Fed.Appx. 73, 78 (3d Cir. 2011); Dunkley v. Mellon Investor Servs., 378 Fed.Appx. 169, 172 (3d Cir. 2010); Summerfield v. Equifax Info. Servs., 264 F.R.D. 133, 145 (D.N.J. 2009).

**THE PLAINTIFF'S REQUEST** for reconsideration, even when liberally construed in view of the plaintiff's pro se status, does not raise an intervening change in controlling law, previously-unavailable evidence, a clear error of law or fact, or an instance of manifest injustice.  The Court thus intends to deny the motion for reconsideration.  See Jackson v. City of Phila., 535 Fed.Appx. 64, 69 (3d Cir. 2013) (noting propriety of denial of reconsideration motion that did not rest on one "of the limited grounds for reconsideration").

**THE COURT**, for good cause appearing, will enter an appropriate order.

                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

**Dated:**  June 10, 2015